B104
(Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ANN J. HERRERA, in her Office and Capacity as Administrator for the Decedent Estate of Lita McClinton Sullivan, | JAMES VINCENT SULLIVAN |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Herbert C. Broadfoot II, Esq., Ragsdale, Beals, Hooper & Seigler, LLP, 2400 Int'l Tower, Peachtree Center, 229 Peachtree St., NE, Atlanta, GA 30303; 404.588.0500 | |

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    x 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Complaint to determine the dischargeability of a debt under Section 523 of the Bankruptcy Code.**

### NATURE OF SUIT
(Check the one most appropriate box only.)

- ☐ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- x 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | X 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT Determination of dischargeability under Section 523 | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR James Vincent Sullivan | BANKRUPTCY CASE NO. 04-76174-PWB | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Northern District of Georgia | DIVISIONAL OFFICE Atlanta | NAME OF JUDGE Bonapfel |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)    X FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE 4/27/06 | PRINT NAME Herbert C. Broadfoot II | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Herbert C. Broadfoot II, GB#083750 |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| JAMES VINCENT SULLIVAN, | § | CASE NO. 04-76174-PWB |
| | § | |
| Debtor | § | JUDGE PAUL W. BONAPFEL |
| | § | |
| ANN J. HERRERA, in her Office and Capacity as Administrator for the Decedent Estate of Lita McClinton Sullivan, | § § § | |
| | § | ADVERSARY PROCEEDING |
| Plaintiff, | § | NO. ____-_____-PWB |
| v. | § | |
| | § | |
| JAMES VINCENT SULLIVAN, | § | |
| | § | |
| Defendant. | § | |

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523 AND BANKRUPTCY RULE 4007

**COMES NOW**, ANN J. HERRERA, in her Office and Capacity as Administrator for the Decedent Estate of Lita McClinton Sullivan ("Administrator"), and files this her "Complaint Objecting to Dischargeability of a Debt Pursuant to 11 U.S.C. § 523 and Bankruptcy Rule 4007," against James Vincent Sullivan, the above-captioned debtor ("Debtor") and respectfully represents:

### PARTIES, JURISDICTION AND VENUE

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334(b) and the Standing Order of Reference of the United States Bankruptcy Court for the Northern District of Georgia. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (I).

2.  Venue is proper in this district in accordance with 28 U.S.C. § 1409(a).

3.  Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), Rule 7004(b)(9), the Debtor may be served by mailing a copy of the Summons and Complaint to (i) James Vincent Sullivan, GDC ID 0001211423, EF Number 599011, Georgia State Prison, 300 1st Avenue South, Reidsville, Georgia 30453; and (ii) James Vincent Sullivan, GDC ID 0001211423, EF Number 599011, Georgia State Prison, 2164 Highway 147, Reidsville, Georgia 30499.

## BACKGROUND

### Prior to Murder

4.  Before 1976, the Debtor inherited a liquor distributorship in Macon, Georgia and sold it for approximately $5,000,000.

5.  In 1976, the Debtor married Lita McClinton Sullivan ("Lita Sullivan").

6.  In the early 1980s, the Debtor and Lita Sullivan moved to Palm Beach, Florida, and lived in an oceanfront mansion.

7.  After years of marriage, Lita Sullivan filed a divorce action against the Debtor, and sought an equitable division of property.

### The Murder

8.  On January 16, 1987, the day a hearing was scheduled in the divorce action, Lita Sullivan was murdered in Atlanta, Fulton County, Georgia.

9.  The Fulton County, Georgia Probate Court appointed Ann J. Herrera as the administrator for the decedent estate of Lita Sullivan ("Administrator").

### Civil Judgment for Wrongful Death

10. A wrongful death civil lawsuit was filed by the Administrator in the Circuit Court of Palm Beach County, Florida against the Debtor ("Wrongful Death Lawsuit").

11. The jury trial in the Wrongful Death Lawsuit resulted in a verdict specifically (i) finding that the Debtor had arranged the murder of Lita Sullivan; (ii) finding that the Debtor had actively participated in fraudulent concealment of his involvement in arranging the murder of Lita Sullivan; (iii) awarding $500,000 as the amount of damages for conscious pain and suffering that Lita Sullivan had suffered as a result of her murder; (iv) awarding $3,000,000 as the amount of damages for the full measure of the value of Lita Sullivan's life; (v) awarding $500,000 as the amount of punitive damages; and (vi) total damages of $4,000,000. (Collectively, the "Verdict").

12. A true and correct copy of the Verdict, dated February 24, 2004, is attached hereto as **Exhibit A.**

13. The jury trial and Verdict in the Wrongful Death Lawsuit resulted in a judgment (i) in the sum of $3,500,000 in compensatory damages that bear interest at the rate of 12% a year; and (ii) in the sum of $500,000 in punitive damages that bear interest at the rate of 12% a year. (Collectively, the "Judgment").

14. A true and correct copy of the Judgment, dated February 25, 2004, is attached hereto as **Exhibit B.**

15. The Administrator, through her attorneys, engaged in extensive efforts to recover against the Debtor on the Judgment.

3

### Debtor Removed and Concealed his Assets

16.  The Debtor left the United States and removed and concealed his assets from creditors.

### Debtor Extradited from Thailand

17.  Through extensive efforts, in 2002 the Debtor was located in Thailand.

18.  The Debtor was extradited from Thailand to the United States to face criminal charges in Fulton County, Georgia, for the murder of Lita Sullivan.

19.  The Debtor was incarcerated in Fulton County, Georgia while awaiting trial on the criminal charges.

### Continued Concealment

20.  Despite the extensive efforts, the Administrator was unable to execute on the Judgment due to the Debtor's continued concealment of his assets.

### Debtor Bankruptcy

21.  On October 1, 2004 ("Petition Date"), an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code, U.S.C. §§ 101 et.seq., as amended ("Bankruptcy Code") was filed by the Administrator, commencing the above-captioned bankruptcy case ("Bankruptcy Case").

22.  On November 3, 2004, an order for relief under Chapter 7 of the Bankruptcy Code was entered ("Order for Relief") in the Bankruptcy Case.

23.  On November 15, 2004, Harry W. Pettigrew was appointed Chapter 7 trustee in the Bankruptcy Case, and continues as such.

4

24. On December 13, 2004, the Debtor did not appear at the scheduled 341 meeting of creditors in the Bankruptcy Case.

25. The Debtor was required to file his Schedules and Statement of Financial Affairs within 15 days after the entry of the Order for Relief, pursuant to Bankruptcy Rule 1007.

26. The Debtor did not and has not filed Schedules or a Statement of Financial Affairs.

27. On November 1, 2005, Joseph J. Burton, Jr. made an appearance in the Bankruptcy Case, as counsel for Garland, Samuel & Loeb, P.C., the criminal defense attorneys for the Debtor. (Doc # 43)

28. The Debtor has never been represented by counsel in the Bankruptcy Case.

### Debtor Convicted of Murder and Sentenced

29. On March 10, 2006, the Debtor was convicted of the murder of Lita Sullivan, in the Superior Court of Fulton County, Georgia.

30. On March 14, 2006, the Debtor was sentenced to life without parole for the murder of Lita Sullivan.

31. The Debtor was assigned earned felon ("EF") case number 599011 and Georgia Department of Correction Identification ("GDC ID") Number 0001211423.

32. On March 16, 2006, the Debtor began serving his sentence at the Georgia State Prison, in Reidsville, Georgia, where he remains incarcerated.

## JUDGMENT NOT DISCHARGEABLE

33. The time fixed for filing complaints objecting to the dischargeability of a debt under section 523 of the Bankruptcy Code was initially set for February 11, 2005, and was continued for the Administrator by subsequent orders until May 1, 2006. (Doc # 48).

34. The Debtor is not discharged from a debt for willful and malicious injury by the Debtor to another entity or to property of another entity, within the meaning of those terms in Section 523(a)(6) of the Bankruptcy Code.

35. The Judgment, including all interest thereon, is a debt of the Debtor to the Administrator for willful and malicious injury by the Debtor to Lita Sullivan.

**WHEREFORE**, the plaintiffs pray that the Court enter an order and judgment that the Judgment of the Administrator against James Vincent Sullivan, including all principle and interest, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

Ragsdale, Beals, Hooper & Seigler LLP

By: /s/ *Herbert C. Broadfoot, II*
Herbert C. Broadfoot, II
Counsel for the Plaintiff
Georgia State Bar No. 083750

2400 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303-1629
phone: 404-588-0500
fax: 404-523-6714
email: hch@rbhs-llp.com

6

FEB-25-1994 9:01am 94-066525

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: CL-91-14591-AH
Fla bar no: 364789

ORB 8138 Pg 999

THE FULTON COUNTY ADMINISTRATOR
as Administrator for the Estate of LITA
MCCLINTON SULLIVAN,

    Plaintiff,

vs.

JAMES VINCENT SULLIVAN,

    Defendant.

_____/

**VERDICT FORM**

WE, the Jury, return the following verdict:

1.   Do you find by the greater weight of the evidence that James Vincent Sullivan arranged the murder of Lita McClinton Sullivan?

    Yes ✓        No _____

If your answer to question no. 1 is no, your verdict is for the Defendant, James Vincent Sullivan, and you should not proceed further except to date and sign this verdict form. If your answer to question no. 1 is yes, please answer the following questions:

2.   Do you find by the greater weight of the evidence that Defendant, James Vincent Sullivan, actively participated in fraudulent concealment of his involvement in arranging the murder of Lita McClinton Sullivan?

    Yes ✓        No _____

ORB  8138 Pg 1000
RECORD VERIFIED   DOROTHY H WILKEN
CLERK OF THE COURT - PB COUNTY, FL

If your answer to question no. 2 is no, your verdict is for the Defendant, James Vincent Sullivan, and you should not proceed further except to date and sign this verdict form. If your answer to question no. 2 is yes, please answer the following questions:

3. What is the amount of damages to be awarded for any conscious pain and suffering that Lita McClinton Sullivan suffered as a result of her murder?

$ 500,000

4. What is the amount of damages to be awarded for the full measure of the value of Lita McClinton Sullivan's life?

$ 3,000,000.

5. What is the amount, if any, to be awarded for punitive damages?

$ 500,000

**TOTAL DAMAGES OF THE ESTATE OF LITA MCCLINTON SULLIVAN**
( add lines 3, 4 and 5 above)

$ 4,000,000.

So say we all.

This 23 day of February, 1994.

_____
FOREPERSON





MAR-01-1994 3:21pm 94-071306
ORB  8144 Pg  548

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: CL-91-14591-AH
Fla bar no: 364789

THE FULTON COUNTY ADMINISTRATOR
as Administrator for the Estate of LITA
MCCLINTON SULLIVAN,

    Plaintiff,

vs.

JAMES VINCENT SULLIVAN,

    Defendant.
_____/

## FINAL JUDGEMENT

Pursuant to the verdict rendered in this action:

IT IS ADJUDGED that Plaintiff, The Fulton County Administrator, as Administrator for the Estate of Lita McClinton Sullivan, recover from Defendant, James Vincent Sullivan, the sum of three million five hundred thousand dollars ($3,500,000.00) in compensatory damages that shall bear interest at the rate of twelve percent (12%) a year for which let execution issue. The Court reserves jurisdiction to tax costs upon proper notice and motion.

IT IS FURTHER ADJUDGED that Plaintiff, The Fulton County Administrator, as Administrator for the Estate of Lita McClinton Sullivan and the State of Florida or The State of Georgia recover from the Defendant, James Vincent Sullivan, the sum of five hundred thousand dollars ($500,000.00) in punitive damages that shall bear interest at the rate of twelve percent (12%) a year for which let execution issue. The Court reserves jurisdiction to apportion the punitive damages awarded in this action in accordance with state statutes pertaining to apportionment of civil punitive damages upon notice to the Office of Comptroller of the State of Florida and the Attorney General of the State of Georgia.

ORDERED at West Palm Beach, Palm Beach County, Florida this 25th day of February, 1994.

Return to: (enclose self-addressed stamped envelope)

Name:

Address:

Property Appraisers Parcel Identification (Folio) Number(s):

ORB 8144 Pg 549
RECORD VERIFIED   DOROTHY H WILKEN
CLERK OF THE COURT - PB COUNTY, FL

HAROLD J. COHEN
Circuit Court Judge

✓ Copies furnished:

James V. Sullivan, 744-2 N.E. 12th Terrace, Boynton Beach, FL 33435

John B. Moores, Esq., 777 South Flagler Drive, 8th Floor-West Tower, West Palm Beach, FL 33401

David Wm. Boone, Esq., 3155 Roswell Rd., Suite 100, The Courts Exchange, Atlanta, GA 30305

Richard Kupfer, Esq., Suite 810, The Forum, 1655 Palm Beach Lakes Blvd., West Palm Beach, FL 33401

This is not a certified copy