UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JAMES VINCENT SULLIVAN, | : | CASE NO. 04-76174-PWB |
| | : | |
| Debtor | : | JUDGE PAUL W. BONAPFEL |

**MOTION OF CO-SPECIAL COUNSEL FOR <u>EX PARTE</u> ORDER SCHEDULING EXAMINATION OF, AND REQUIRING PRODUCTION OF DOCUMENTS FROM EDWARD T. M. GARLAND, ESQ. PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW, Stephen T. La Briola ("Mr. La Briola") as Co-Special Counsel to Trustee Harry W. Pettigrew ("Mr. Pettigrew"), and hereby moves the Court for an <u>ex parte</u> order requiring Edward T. M. Garland, Esq. ("Mr. Garland") to make himself available for an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to produce documents, as set forth more fully below. In support hereof, Mr. La Briola respectfully shows the Court as follows:

**INTRODUCTION**

1. On October 1, 2004 (the "Petition Date"), an involuntary petition under Title 11 of the United States Code (the "Bankruptcy Code") was filed

1

against James Vincent Sullivan ("Mr. Sullivan") requesting an order for relief under chapter 7 of the Bankruptcy Code.

2. On or about November 15, 2004, Mr. Pettigrew was appointed interim trustee and then, on or about June 21, 2005, the firm of Fellows, Johnson & La Briola, LLP was approved as Co-Special Counsel for the Chapter 7 Trustee.

3. The Co-Special Counsel desires and believes that is appropriate to conduct certain examinations at this time to aid in the investigation and search for assets of Mr. Sullivan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper in this district in accordance with 28 U.S.C. § 1409(a).

## REQUEST FOR 2004 EXAMINATION

6. It is necessary and appropriate that Mr. Garland, Mr. Sullivan's criminal defense attorney, testify at a Bankruptcy Rule 2004 examination. It is also necessary and appropriate that Mr. Garland produce certain documents identified on Exhibit "A" attached hereto and as determined to exist while such Bankruptcy Rule 2004 examinations go forward.

7. Pursuant to Bankruptcy Rule 2004, the Co-Special Counsel requests that the Court order the examination of Mr. Garland and schedule the Rule 2004 examination to take place on August 4, 2006, at 10:00 a.m. EDT, at the law offices of Burton & Armstrong, LLP, Two Ravinia Drive, Suite 1750, Atlanta, Georgia 30346, or such other date, time and location as may be agreed upon between Mr. Garland and the Co-Special Counsel, and that Mr. Garland be required to produce, at the law offices of Fellows, Johnson & La Briola, LLP, Peachtree Center, Suite 2300 South Tower, 225 Peachtree Street, N.E. Atlanta, Georgia 30303-1731, no later than 10:00 EDT on July 14, 2006, or such other date, time and location as may be agreed upon between Mr. Garland and the Co-Special Counsel, true and correct copies of the documents described in Exhibit "A" attached hereto. A proposed Order granting this motion is attached hereto as Exhibit "B."

8. The Court is authorized to grant the relief sought herein. See In re M4 Enter., Inc., 190 B.R. 471 (Bankr. N.D. Ga. 1995); see generally, L.King, 9 Collier on Bankruptcy ¶ 2004. 02[9] at p. 2004-11 (15th ed. rev. 2000) citing In re Rassi, 701 F.2d. 627, 631 (7th Cir. 1983) (applying predecessor Rule 205); In re DiLorenzo, 161 B.R. 752,755 (Bankr. E.D.N.Y. 1993); In re Analytical Sys., Inc., 71 B.R. 408 (Bankr. N.D. Ga. 1987). Motions for a Bankruptcy Rule 2004

examination are routinely disposed of on an ex parte basis.  See In re M4 Enter., 190 B.R. at 473; In re Hickman, 151 B.R. 125 (Bankr. N.D. Ohio 1993).

WHEREFORE, the Co-Special Counsel prays that the Court enter an ex parte Order pursuant to Bankruptcy Rule 2004 granting this motion and authorizing and ordering (a) the examination of Mr. Garland at the law offices of Burton & Armstrong, LLP, Two Ravinia Drive, Suite 1750, Atlanta, Georgia 30346, on the 4th day of August, 2006, at 10:00 a.m. EDT, or such other date, time and location as may be agreed upon between Mr. Garland and the Co-Special Counsel; (b) the production of true and correct copies of the documents set forth in Exhibit "A" attached hereto at the law offices of Fellows, Johnson & La Briola, LLP, Peachtree Center, Suite 2300 South  Tower, 225 Peachtree Street, N.E. Atlanta, Georgia 30303-1731, no later than 10:00 a.m. EDT on July 14, 2006, or such other date, time and location as may be agreed upon between Mr. Garland and the Co-Special Counsel; and (c) any and all further relief that the Court deems appropriate.

Dated: June 30, 2006

FELLOWS, JOHNSON & LA BRIOLA, LLP

s/Stephen T. La Briola
Stephen T. La Briola
Georgia Bar No. 431026
Peachtree Center, South Tower

225 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30303
(404) 586-9200
(404) 586-9201 (fax)

# EXHIBIT "A"

# REQUEST FOR PRODUCTION OF DOCUMENTS

# DEFINITIONS

As used herein:

A. The term "document" or "documents" shall mean, unless otherwise indicated the original, if available, or an identical and legible copy thereof, and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, of every writing and record of any type or description, including, without limitation, any written, typed, printed, photocopied, computerized, photographic or tape recorded, stored or reproduced including, but not limited to, all video tapes, audio tapes, letters, correspondence, electronic mail or "E" mail, books, periodicals, contracts, studies, plans, analyses, work papers, press releases, reports, records or notes of any meetings, conferences, telephone calls or other conversations, telegrams, paper communications, tabulations, charts, memoranda, handwritten notes, charts, drafts, records, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording, tape recorder or by any other means, inter-office communications, microfilm, lists, bulletins, calendars, circulars, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices,

summaries, reports, analyses, teletype messages, work sheets, computerized data bases(s), and all other graphic materials, writings and instruments, including any and all drafts, attachments, and enclosures to each and every such document. Said definition shall include, <u>inter alia</u>, recordings, transcripts, and/or summaries of oral communications, telephonic or otherwise.

B. The phrase "all documents" shall mean each and every document within a stated category, known to you, and/or documents reasonably subject to identification by you, and/or documents which can be located on premises owned by you and/or elsewhere, and/or, and/or documents in the possession of each individual who acts, or who has acted at relevant times, as your employee, agent or representative, and/or documents located on premises other than your premises, and any entities under Deponent's control.  Information sought from you shall include information within the knowledge or possession of your agents and employees, attorneys, accountants, investigators (including investigators from your attorneys), and any other persons or entities directly or indirectly subject to your control in any way.

C. The terms "person" or "persons" shall include any partnership, corporation, joint venture or other entity and shall also include any natural person or any government or governmental body, commission, board, or agency.

7

D.  The term "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

E.  The term "all" and "each" shall be construed as all and each.

F.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively to bring within the scope of the document production request all responses that might otherwise be construed to be outside of its scope.

G.  All references to the "Debtor" or "Mr. Sullivan" refers to James Vincent Sullivan, his agents, representatives, or anyone else acting, or who has acted, on his behalf.

H.  "You" or "your" refers to Edward T. M. Garland, Esq., his agents, representatives, or anyone else acting, or who has acted, on his behalf.

I.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## INSTRUCTIONS

A.  Documents covered by this request shall include those documents prepared, received or sent through the date of the examination (and thereafter as provided for in the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure) unless otherwise stated herein.

8

B. All documents described that are in your possession, custody, or control shall be produced as directed herein. Any document requested herein that is not in your immediate physical possession, but which you have a right to obtain from a third person or is otherwise subject to your control, shall be obtained and produced as directed.

C. The selection of documents from files and other sources shall be performed in such a manner as to insure that the file or other source from which a document is obtained may be identified.

D. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

E. If any documents have been withheld from production on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

    1. The place, date(s) (or appointment date) the document was generated or prepared;

    2. The name, address, title, and telephone number of the author(s) of the document;

    3.     The description or summary of the content of the document (e.g., letter, deed, memorandum, etc.);

    4.     The name, address, title and telephone number of any indicated recipient(s) of the document;

    5.     The name, address, title and telephone number of every person to whom the document or the contents thereof has ever been disclosed, communicated, exhibited, read or summarized and the date(s) and circumstances of each such disclosure;

    6.     The subject matter of the document; and

    7.     A statement of the basis for claiming privilege or exemption from discovery.

    F.     All documents produced in response to this request shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the document, and shall include all additions or copies of a document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original or other produced copy of the document.

G.  All documents shall be produced in the manner in which they are kept in the ordinary course of business, or if not kept in the ordinary course of business, the documents shall be produced in the categories specifically requested herein.

## DOCUMENTS TO BE PRODUCED

These Requests incorporate by reference the Instructions and Definitions above.

Produce the following:

1.  All documents reflecting any payments or funds you, Donald F. Samuel, Esq., or your firm, Garland, Samuel & Loeb, P.C. received from, on behalf of, or for the benefit of, Mr. Sullivan since October 12, 2002.

2.  All documents you received concerning the Judgment of The Fulton County Administrator for the Estate of Lita McClinton Sullivan against Mr. Sullivan.

3.  All documents from any financial institution holding funds or which held any funds, either partially or wholly, for your benefit since October 12, 2002 in Liechtenstein, Switzerland, and/or Austria.

4.  All documents between you and any financial institution concerning your interest in any payments or funds you received from, on behalf of, or for the benefit of Mr. Sullivan since October 12, 2002.

5. All documents reflecting the transfer of funds you received from, on behalf of, or for the benefit of Mr. Sullivan since October 12, 2002 to any and all other persons, including but not limited to you, Donald F. Samuel, Esq., or the firm of Garland, Samuel & Loeb, P.C.

6. Your fee agreement(s) with Mr. Sullivan that has/have been in effect for any length of time since October 12, 2002.

7. All non-privileged documents between you and Mr. Sullivan that concern payment or other consideration for your attorneys' fees since October 12, 2002 requested herein.

**EXHIBIT "B"**

UNITED STATUS BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JAMES VINCENT SULLIVAN, | : | CASE NO. 04-76174-PWB |
| | : | |
| Debtor | : | JUDGE PAUL W. BONAPFEL |

**ORDER GRANTING MOTION OF THE CO-SPECIAL COUNSEL FOR <u>EX PARTE</u> ORDER SCHEDULING EXAMINATION OF, AND REQUIRING PRODUCTION OF DOCUMENTS FROM EDWARD T. M. GARLAND, ESQ., PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the Motion of the Co-Special Counsel for an <u>Ex Parte</u> Order Scheduling Examination of, and Requiring Production of Documents From Edward T. M. Garland, Esq. ("Mr. Garland"), Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, filed on June 30, 2006 ( the "Motion"), and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED, and the examination of Mr. Garland, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, shall be conducted at the law offices of Burton & Armstrong, LLP, Two Ravinia Drive, Suite 1750, Atlanta, Georgia 30346, on the 4th day of August, 2006, at 10:00 a.m. EDT (or on such other date and at such other time and location as the

parties may mutually agree), and may be continued from time to time until it is completed, and Mr. Garland is directed to appear and make himself available for such examination, and it is

FURTHER ORDERED that Mr. Garland shall produce true and correct copies of the documents set forth on Exhibit "A" attached to the Motion, at the law offices of Fellows, Johnson & La Briola, LLP, Peachtree Center, Suite 2300 South Tower, 225 Peachtree Street, N.E., Atlanta, Georgia 30303-1731, no later than 10:00 a.m. EDT on July 14, 2006 (or on such other date and at such other time and location as the parties may mutually agree).

IT IS SO ORDERED.

This the _____ day of _____, 2006.

_____
PAUL W. BONAPFEL
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

/s/ Stephen T. La Briola
Stephen T. La Briola
Georgia Bar No. 431026
Peachtree Center, South Tower
225 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30303
(404) 586-9200
(404) 586-9201 (fax)

14

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served **Motion of Co-Special Counsel For <u>Ex Parte</u> Order Scheduling Examination of, and Requiring Production of Documents From Edward T. M. Garland, Esq. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure** upon all parties addressed as follows:

By U.S. Mail with adequate postage thereon to:

Office of the US Trustee
75 Spring Street, SW, Suite 362
Atlanta, GA 30303

James Vincent Sullivan
c/o Fulton County Jail
901 Rice Street, NW
Inmate #0409922
Atlanta, GA 30318

David William Boone
Boone & Stone
3166 Mathieson Drive
Atlanta, GA 30305

By electronic mail addressed to:

Gilbert B. Weisman, Esq.
Becket & Lee LLP
16 General Warren Blvd.
Malvern, PA 19355-0701
notices@becket-lee.com

Herbert C. Broadfoot, II, Esq.
Herbert C. Broadfoot II, P.C.
229 Peachtree St., Ste. 2400
Atlanta, GA 30303
hcb@rbhs-llp.com

Harry W. Pettigrew
Pettigrew & Associates, P.C.
P.O. Box 4030
Decatur, GA 30031
harrypettigrew@aol.com

Joseph J. Burton, Jr.
Burton & Armstrong
Two Ravinia Drive, Suite 1750
Atlanta, GA 30346
jayburton@ballp.com

Respectfully submitted this 30th day of June, 2006.

　　　　　　　　　　　　　　　　　　/s/Stephen T. La Briola