B 256 (11/91)

# United States Bankruptcy Court
## Northern District Of Georgia

In re  James Vincent Sullivan,
                              Debtor

SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE

Case No.[1] 04-76174-PWB

Chapter 7

To: Bank of America, NA
    600 Peachtree Street, NE
    Atlanta, GA  30308

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Attn: Stephen T. La Briola, Esq. Fellows, Johnson & La Briola, LLP 225 Peachtree Street, NE, Suite 2300 South Tower, Atlanta, GA  30303 | August 29, 2006  10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P.  See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Stephen T. La Briola  Co-Special Counsel to Trustee | 8/8/06 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Fellows, Johnson & La Briola, LLP 225 Peachtree Street, NE, Suite 2300 South Tower, Atlanta, GA  30303 | |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

| | PROOF OF SERVICE | |
|---|---|---|
| DATE | | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney-s fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert—s opinion or information not describing specific events or occurrences in dispute and resulting from the expert—s study made not athe request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"

### 1. Definitions

a. "Barnett Bank of Jacksonville, NA" shall mean Barnett Bank of Jacksonville, NA which on October 8, 1998 was merged into and subsequently acted as a part of Nationsbank, NA which was merged into and subsequently acted as a part of Bank of America, NA on July 23, 1999.

b. The term "Bank of America, NA" shall refer to the current national association Bank of America, NA as well as all other entities which Bank of America, NA has succeeded through acquisition, merger or by any other means.

c. The term "document" or "documents" shall mean, unless otherwise indicated the original, if available, or an identical and legible copy thereof, and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, of every writing and record of any type or description, including, without limitation, any written, typed, printed, photocopied, computerized, photographic or tape recorded, stored or reproduced including, but not limited to, all video tapes, audio tapes, letters, correspondence, electronic mail or "E" mail, books, periodicals, contracts, studies, plans, analyses, work papers, press releases, reports, records or notes of any meetings, conferences, telephone calls or other conversations, telegrams, paper communications, tabulations, charts, memoranda, handwritten notes, charts, drafts, records, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording, tape recorder or by any other means, inter-office communications, microfilm, lists, bulletins, calendars, circulars, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, summaries, reports, analyses, teletype messages, work sheets, computerized data bases(s), and all other graphic materials, writings and instruments, including any and all drafts, attachments, and enclosures to each and every such document. Said definition shall include, <u>inter alia</u>, recordings, transcripts, and/or summaries of oral communications, telephonic or otherwise.

d. The phrase "all documents" shall mean each and every document within a stated category, known to you, and/or documents reasonably subject to identification by you, and/or documents which can be located on premises owned by you and/or elsewhere, and/or, and/or documents in the possession of each individual who acts, or who has acted at relevant times, as your employee, agent or representative, and/or documents located on premises other than your premises, and any entities under Deponent's control. Information sought from you shall include information within the knowledge or possession of your agents and employees, attorneys, accountants, investigators (including investigators from your attorneys), and any other persons or entities directly or indirectly subject to your control in any way.

### 2. Documents to be Produced

1. Any and all documents in your possession which refer to, relate to, evidence or reflect the transfer of funds to Barnett Bank of Jacksonville, NA, which is

highlighted on Page 2 of the Prudential Securities account statement attached hereto as Exhibit "1";

    2.    Any and all documents, including but not limited to, account statements, wire transfer records, deposit records and withdrawal records for the Barnett Bank of Jacksonville, NA, account into which the above-referenced transfer was made, and any documents which reflect the name of the account holder and the account number; and

    3.    Any and all documents, including but not limited to, account statements, wire transfer records, deposit records and withdrawal records, which reflect any assets of James Vincent Sullivan at any time beginning January 16, 1987 until the present.

PRUDENTIAL SECURITIES

08/91

## SECURITIES ACCOUNT STATEMENT

Page 1 of 2

Account Number: 034-277206-16

Your Financial Advisor:
MARY HENDRICKS
50 COCOANUT ROW
SUITE 200
PALM BEACH, FL 33480-4095
407-820-0430

Your Federal ID Number: 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

JAMES V SULLIVAN
920 S OCEAN BLVD
PALM BEACH   FL 33480-4910

For the Period: Sep 1 - Sep 30, 1991

### Net Worth

|  | OPENING | CLOSING |
|---|---|---|
| PRICED SECURITIES VALUE | $588,237.41 | $148,696.41 |
| MONEY MARKET FUNDS | $385,027.00 | $.00 |
| CASH BALANCE | $.83 | $.00 |

TOTAL NET WORTH   $973,265.24   $148,696.41

### Income

|  | THIS PERIOD | YEAR TO DATE |
|---|---|---|
| MONEY FUND DIVIDENDS | $924.21 | $11,014.21 |
| DIVIDENDS |  | $6,300.00 |
| INTEREST | $2,207.88 | $34,075.00 |
| MUNICIPAL INTEREST |  | $6,373.75 |

TOTAL INCOME   $3,132.09   $57,762.96

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRICE/ENTRY | AMOUNT CHARGED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|
| 09/04 | Sold | -1,000 | AARON RENTS INCORPORATED | 10 1/2 |  | $10,190.42 |
| 09/05 | Sold | -2,000 | AARON RENTS INCORPORATED | 10 1/2 |  | $20,464.72 |
| 09/05 | Purchased | 10,191 | PRUDENTIAL MONEYMART ASSETS FUND | 1.00 | $10,191.00 |  |
| 09/06 | Purchased | 20,464 | PRUDENTIAL MONEYMART ASSETS FUND AUTO SUBSCRIPTION | 1.00 | $20,464.00 |  |
| 09/09 | Sold | -200,000 | UNITED STATES TREASURY BONDS CP FA 8 3/8 08/15/2000 CALL 08/15/1995 100.00 NET ACCRUED INTEREST RECEIVED: $1,137.91 | 102.0937 |  | $205,322.91 |
| 09/09 | Sold | -200,000 | UNITED STATES TREASURY NOTES CP FA 7 7/8 02/15/1996 DTD 12/03/90 1ST CPN 08/15/91 NET ACCRUED INTEREST RECEIVED: $1,069.97 | 102.375 |  | $205,817.47 |
| 09/10 | Purchased | 411,141 | PRUDENTIAL MONEYMART ASSETS FUND AUTO SUBSCRIPTION | 1.00 | $411,141.00 |  |
| 09/12 | Sold | -826,823 | PRUDENTIAL MONEYMART ASSETS FUND |  |  | $826,823.00 |

Activity
3055
3055
Q1TT
Q1TT
3655
3655
Q1TT
Q1SS

**EXHIBIT 1**

FCA   N 70330   Fulton County Administrator
WS                      v.
                        James Vincent Sullivan

PRUDENTIAL SECURITIES

## SECURITIES ACCOUNT STATEMENT

JAMES V SULLIVAN

Sep 1 - Sep 30, 1991    Account Number: 034-277206-16    Page 2 of 2

08/91

| DATE | TRANSACTION | QUANTITY | DESCRIPTION | PRICE/ENTRY | AMOUNT CHARGED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|
| Activity | | | | | | |
| TMAB 09/12 | Dividend | | PRU MONEYMART ASSETS DIV 08/26 - 09/12 | Money Fund | | $924.21 |
| 55AA 09/16 | Debit | | FEDERAL FUNDS PAID BARNETT JAX | | $831,241.87 | |
| 75AA 09/17 | Debit | | CHECK 034-043435 PAID ON FLA | | $15,000.00 | |
| 62AA 09/18 | Credit | | TRANSFERRED FROM 034-81797 | | | $18,494.31 |

ALL ACCRUED INTEREST RECEIVED IS INCLUDED IN EITHER THE 'MUNICIPAL INTEREST' OR 'INTEREST' CATEGORIES.

| DESCRIPTION | QUANTITY | PRICE | VALUE | ESTIMATED ANNUAL INCOME | COMMENTS |
|---|---|---|---|---|---|
| Portfolio | | | | | |
| 269803102 EAGLE PICHER INDUSTRIES INCORPORATED | 6,000 | 1.750 | $10,500.00 | | |
| 804 68104 SEAL FLEET INCORPORATED CLASS A | 12,400 | 0.060 | $744.00 | | |
| 115029FD7R BROWARD CNTY FLA HSG FIN AUTH REV HSG DV 1984 SER C SPL OPT RDMPT PRV IMSD TICOR RO MN 8.500 05/01/1990 DTD 08/28/84 SUBJECT TO SPECIAL REDEMPTION BY ISSUER | 40,000 | 61.000E | $24,400.00 | | |
| 115064AE7R BROWARD CNTY FLA RES RECOVERY REV SER 84 SES BROWARD CNTY L.P. SOUTH PJ BOOK ENT RO JD 7.950 12/01/2008 DTD 12/27/84 CALL 12/01/1999 103.00 | 55,000 | 106.305E | $58,468.03 | $4,372.50 | 7.48 % CURRENT YIELD |
| 6496S2GC2R NEW YORK CITY GENERAL OBLIGATION BONDS SER D FISCAL 1990 GROUP A RO FA 7.500 08/01/2003 DTD 11/14/89 CALL 08/01/1999 101.50 | 50,000 | 99.136E | $49,568.10 | $3,750.00 | 7.57 % CURRENT YIELD |
| 687901AL2R OSCEOLA CNTY FLA HSG FIN AUTH SINGLE FAMILY MTG REV RO MN 8.750 11/01/1991 DTD 11/01/84 SUBJECT TO SPECIAL REDEMPTION BY ISSUER | 5,000 | 100.325E | $5,016.28 | $437.50 | 8.72 % CURRENT YIELD AMBAC INSURED |
| PRICED SECURITIES VAL | | | $148,696.41 | $8,560.00 | |

FOR YOUR CONVENIENCE, YOUR FINANCIAL ADVISOR HAS A NEW DIRECT TELEPHONE NUMBER. THE TELEPHONE NUMBER APPEARS AT THE UPPER RIGHT OF YOUR STATEMENT. THE 800 NUMBERS REMAIN THE SAME: NATIONAL WATS: 800-327-3066 AND THE FLORIDA WATS: 800-432-2356.

FCA WS  N 70331    Fulton County Administrator v. James Vincent Sullivan