B 256 (11/91)

# United States Bankruptcy Court

### Northern District Of Georgia

In re James Vincent Sullivan,

Debtor

To: JPMorgan Chase Bank
c/o C T Corporation system
1201 Peachtree Street, NE
Atlanta, GA 30361

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.[1] 04-76174-PWB

Chapter 7

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Attn: Stephen T. La Briola, Esq. Fellows, Johnson & La Briola, LLP | August 29, 2006  10:00 a.m. |
| 225 Peachtree Street, NE, Suite 2300 South Tower, Atlanta, GA 30303 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* Co-Special Counsel to Trustee | 8/8/06 |

ISSUING OFFICER-S NAME, ADDRESS AND PHONE NUMBER
Fellows, Johnson & La Briola, LLP
225 Peachtree Street, NE, Suite 2300 South Tower, Atlanta, GA 30303

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                              DATE                                                         SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney-s fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert—s opinion or information not describing specific events or occurrences in dispute and resulting from the expert—s study made not athe request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"

### 1.    Definitions

a.    "Morgan Guaranty Trust Company of New York" shall mean Morgan Guaranty Trust Company of New York which on November 10, 2001 was merged into and subsequently acted as a part of JPMorgan Chase Bank in New York City, New York, and which changed its name to JPMorgan Chase Bank, National Association on November 13, 2004.

b.    The term "JPMorgan Chase Bank, NA" shall refer to the current national association JPMorgan Chase Bank, NA as well as all other entities which JPMorgan Chase Bank, NA has succeeded through acquisition, merger or by any other means.

c.    The term "document" or "documents" shall mean, unless otherwise indicated the original, if available, or an identical and legible copy thereof, and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, of every writing and record of any type or description, including, without limitation, any written, typed, printed, photocopied, computerized, photographic or tape recorded, stored or reproduced including, but not limited to, all video tapes, audio tapes, letters, correspondence, electronic mail or "E" mail, books, periodicals, contracts, studies, plans, analyses, work papers, press releases, reports, records or notes of any meetings, conferences, telephone calls or other conversations, telegrams, paper communications, tabulations, charts, memoranda, handwritten notes, charts, drafts, records, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording, tape recorder or by any other means, inter-office communications, microfilm, lists, bulletins, calendars, circulars, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, summaries, reports, analyses, teletype messages, work sheets, computerized data bases(s), and all other graphic materials, writings and instruments, including any and all drafts, attachments, and enclosures to each and every such document. Said definition shall include, inter alia, recordings, transcripts, and/or summaries of oral communications, telephonic or otherwise.

d.    The phrase "all documents" shall mean each and every document within a stated category, known to you, and/or documents reasonably subject to identification by you, and/or documents which can be located on premises owned by you and/or elsewhere, and/or, and/or documents in the possession of each individual who acts, or who has acted at relevant times, as your employee, agent or representative, and/or documents located on premises other than your premises, and any entities under Deponent's control. Information sought from you shall include information within the knowledge or possession of your agents and employees, attorneys, accountants, investigators (including investigators from your attorneys), and any other persons or entities directly or indirectly subject to your control in any way.

### 2.    Documents to be Produced

1.    Any and all documents in your possession which refer to, relate to, evidence or reflect the transfers of funds on July 23, 1993 and July 27, 1993 through

Morgan Guaranty Trust Company of New York, which are highlighted on Page 3 of 9 on the Smith Barney Citigroup account statement attached hereto as Exhibit "1";

2.      Any and all documents, including but not limited to, account statements, wire transfer records, deposit records and withdrawal records for the Morgan Guaranty Trust Company of New York account into which the above-referenced transfer was made, and any documents which reflect the name of the account holder and the account number; and

3.      Any and all documents, including but not limited to, account statements, wire transfer records, deposit records and withdrawal records, which reflect any assets of James Vincent Sullivan at any time beginning January 16, 1987 until the present.

# SMITH BARNEY
## citigroup

REF: 00000497 00000000

**PREFERRED CLIENT FMA STATEMENT**
JUNE 28 - JULY 31, 1993

PAGE 1 OF 9
NAME SORT: SULLIVAN JAMES V

ACCOUNT NUMBER 859-03791-14  073

YOUR FINANCIAL CONSULTANT
BOB MARGOLIN
SHEARSON LEHMAN BROTHERS
237 WEST MAIN ST
PO BOX 1907
BOZEMAN, MT 59771
406-586-1776

SS # 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

CLIENT HOME PHONE: 407-738-9044
CLIENT BUS. PHONE: 407-655-2040
CLIENT DATE OF BIRTH: 04/05/41

JAMES V SULLIVAN
744-2 NE 12TH TERRACE
BOYNTON BEACH FL 33435

PREFERRED CLIENT SERVICE CENTER: 800-232-4454

| | | |
|---|---|---|
| MTD COMM: | $ -91.67 | YTD COMM: $ 208.33 |
| MTD FEES: | $ 0.00 | YTD FEES: $ -8.33 |

## ACCOUNT VALUE

| | LAST PERIOD | THIS PERIOD |
|---|---|---|
| MONEY FUNDS | $ 174,109.39 | $ 17,450.28 |
| ACCRUED MONEY FUND DIVIDENDS | 179.16 | 186.63 |
| STOCKS | 1,116.00 | 1,116.00 |
| MONEY MARKET AND AUCTION INSTRUMENTS | 600,000.00 | 0.00 |
| NET VALUE | $ 775,404.55 | $ 18,752.91 |
| BULLETIN BOARD | | |

BY THE TIME YOU READ THIS, WE WILL BE SMITH BARNEY SHEARSON. THE
ENCLOSED NEWSLETTER HIGHLIGHTS THE UNION OF SMITH BARNEY AND SHEARSON,
INCLUDES IMPORTANT INFORMATION ABOUT YOUR ACCOUNT AND FEATURES ARTICLES
ABOUT INVESTING IN THIS ECONOMIC ENVIRONMENT. PLEASE BE SURE TO READ IT.

## EARNINGS SUMMARY

| | THIS PERIOD | THIS YEAR TAXABLE | NON-TAXABLE |
|---|---|---|---|
| INTEREST | $ 0.00 | $ 19,125.00 | $ 6,500.00 |
| DIVIDENDS | 1,046.04 | 4,175.00 | 7,794.56 |
| MONEY FUNDS EARNINGS | 356.62 | 2,372.04 | 0.00 |
| TOTAL | $ 1,402.66 | $ 25,672.04 | $ 14,294.56 |

ADDITIONAL SUMMARY INFORMATION

| | THIS PERIOD | THIS YEAR |
|---|---|---|
| OTHER INCOME | $ 190.00 | $ 705.2 |

GAIN/LOSS SUMMARY

| | THIS PERIOD | THIS YEAR |
|---|---|---|
| REALIZED GAIN OR (LOSS) | | $ 0.00 |
| UNREALIZED GAIN OR (LOSS) | (2,753.00) | NOT APPLICABLE |

BORROWING POTENTIAL
YOU CAN BORROW AGAINST THE VALUE OF YOUR PORTFOLIO TO BUY ADDITIONAL
SECURITIES OR FOR OTHER PURPOSES. FOR MORE INFORMATION, PLEASE CALL
YOUR FINANCIAL CONSULTANT.

---

# SMITH BARNEY
## citigroup

REF: 00000497 00000000

**PREFERRED CLIENT FMA STATEMENT**
JUNE 28 - JULY 31, 1993

PAGE 2 OF 9
JAMES V SULLIVAN

ACCOUNT NUMBER 859-03791-14  073

## CASH AND MONEY FUNDS BALANCE

| | THIS PERIOD | THIS YEAR |
|---|---|---|
| OPENING BALANCE | $ 174,109.39 | |
| SECURITIES BOUGHT AND OTHER SUBTRACTIONS | 0.00 | |
| SECURITIES SOLD AND OTHER ADDITIONS | 600,000.00 | |
| DEPOSITS | 750,000.00 | 778,068.07 |
| WITHDRAWALS | -1,500,025.00 | -1,508,025.00 |
| GOLD CARD PAYMENT/CREDIT ADJUSTMENT | -4,151.00 | -9,021.56 |
| CHECKS WRITTEN | -4,095.77 | -57,577.62 |
| DIVIDENDS CREDITED | 1,046.04 | |
| MONEY FUNDS EARNINGS REINVESTED | 356.62 | |
| OTHER INCOME CREDITED | 190.00 | |
| CLOSING BALANCE | $ 17,450.28 | |

## PORTFOLIO DETAILS

THIS SECTION SHOWS THE HOLDINGS IN YOUR ACCOUNT. IT REFLECTS VALUES AS OF THE CLOSE OF BUSINESS ON 07/30/93.

## MONEY FUNDS

| DESCRIPTION | NO. OF SHARES | MARKET VALUE | ACCRUED DIVIDENDS | ANNUALIZED DIVIDEND YIELD | COMMENT |
|---|---|---|---|---|---|
| AMERICAN EXPRESS DAILY DIVIDEND FUND | 17,450.28 | $ 17,450.28 | $ 186.63 | 2.668% | |
| TOTAL VALUE OF MONEY FUNDS | | $ 17,450.28 | $ 186.63 | | |

## STOCKS

| COMMON STOCKS | EXCHANGE | NO. OF SHARES | PRICE | YIELD ANTICIPATED INCOME (ANNUALIZED) | MARKET VALUE | RESEARCH* RANKING | COMMENT |
|---|---|---|---|---|---|---|---|
| SEAL FLEET INC CL A | | 12,400 | $ .09 | | $ 1,116.00 | | SYMBOL: SEALA\RATED: C |
| TOTAL VALUE OF STOCKS | | | | $ 0.00 | $ 1,116.00 | | |

*PLEASE REFER TO THE BACK OF THE STATEMENT FOR DEFINITIONS OF RESEARCH RANKINGS.

**EXHIBIT**
tabbies*

FCA N 30040
SBC

Fulton County Administrator
v.
James Vincent Sullivan

SMITH BARNEY
citigroup

| | | PREFERRED CLIENT FMA STATEMENT | PAGE 3 OF 9 |
|---|---|---|---|
| REF: 00000497  00000000 | | JUNE 28 - JULY 31, 1993 | JAMES V SULLIVAN |

ACCOUNT NUMBER 859-03791-14  073

## TRANSACTION DETAILS
### INVESTMENT ACTIVITY

| DATE | ACTIVITY | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 07/25/93 | SOLD | BLACKROCK FLA INSD MUNI TERM | -12 | $ 100.00 | $ 600,000.00 |
| | | TR 2008 PFD SER R7 | | | |
| | | 1 UNIT = 50,000.00 | | | |
| | | AS OF 07/21/93 | | | |
| | TOTAL SECURITIES BOUGHT AND OTHER SUBTRACTIONS | | | | $ 0.00 |
| | TOTAL SECURITIES SOLD AND OTHER ADDITIONS | | | | $ 600,000.00 |

### DEPOSITS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 07/26/93 | FF SNT 0725 RET 0725 | $ 750,000.00 |

### WITHDRAWALS

| DATE | DESCRIPTION | REFERENCE NO. | AMOUNT |
|---|---|---|---|
| 07/25/93 | MONEY TRANSFER 07/25/93DI | | $ 750,000.00 |
| | THRU MORGAN GUARANTY TRUST COM | | |
| 07/25/93 | ELECTRONIC FUNDS TFR FEE | | 25.00 |
| 07/27/93 | MONEY TRANSFER 07/27/93DI | | 750,000.00 |
| | THRU MORGAN GUARANTY TRUST COM | | |
| | TOTAL WITHDRAWALS | | $ 1,500,025.00 |

### GOLD CARD ACTIVITY

GOLD CARD NUMBER 5713  507221  92010
THE FOLLOWING WERE CHARGED OR CREDITED TO YOUR GOLD CARD.

| DESCRIPTION | REFERENCE NO. | AMOUNT |
|---|---|---|
| HOTEL KRONE, RUEDESHEIM-ASSMANNSHAUSEN | 002175 | $ 175.84 |
| FEDERAL REPUBLIC OF GERMANY | | |
| 295.00 GERMAN MARKS  BILLED AS | | |
| NOGA HILTON INTERN, GENEVE | 014176 | 357.25 |
| SWITZERLAND | | |
| 534.00 SWISS FRANCS  BILLED AS | | |
| NASSAUER HOF-ORANGERIE, WIESBADEN | 035167 | 54.01 |
| FEDERAL REPUBLIC OF GERMANY | | |
| 88.00 GERMAN MARKS  BILLED AS | | |
| A. DUERR & CO. AG, ZUERICH | 057173 | 184.09 |
| SWITZERLAND | | |
| 275.00 SWISS FRANCS  BILLED AS | | |

---

SMITH BARNEY
citigroup

| | | PREFERRED CLIENT FMA STATEMENT | PAGE 4 OF 9 |
|---|---|---|---|
| REF: 00000497  00000000 | | JUNE 28 - JULY 31, 1993 | JAMES V SULLIVAN |

ACCOUNT NUMBER 859-03791-14  073

### GOLD CARD ACTIVITY - CONTINUED

GOLD CARD NUMBER 5713  507221  92010
THE FOLLOWING WERE CHARGED OR CREDITED TO YOUR GOLD CARD.

| DESCRIPTION | REFERENCE NO. | AMOUNT |
|---|---|---|
| PALM BEACH DENTAL ASSOCS W PALM BCH FL | 075158 | $ 80.00 |
| INV#221357 | | |
| HERTZ, FRANKFURT | 093174 | 134.34 |
| FEDERAL REPUBLIC OF GERMANY | | |
| 225.40 GERMAN MARKS  BILLED AS | | |
| HOTEL ZUM STORCHEN, ZUERICH | 094167 | 96.10 |
| SWITZERLAND | | |
| 159.80 SWISS FRANCS  BILLED AS | | |
| VICTORIA-JUNGFRAU, INTERLAKEN | 094168 | 34.87 |
| SWITZERLAND | | |
| 51.00 SWISS FRANCS  BILLED AS | | |
| REST. DES ALPES, INTERLAKEN | 094168 | 38.98 |
| SWITZERLAND | | |
| 57.00 SWISS FRANCS  BILLED AS | | |
| SAVOY BAUR EN VILLE, ZUERICH | 094168 | 242.75 |
| SWITZERLAND | | |
| 355.00 SWISS FRANCS  BILLED AS | | |
| HOTEL SPLENDID, INTERLAKEN | 094169 | 115.82 |
| SWITZERLAND | | |
| 170.00 SWISS FRANCS  BILLED AS | | |
| CROWN LIQUORS #99  BOYNTON BEACH    FL | 501156 | 37.53 |
| 155010016 LIQUOR/BEVERAGE/SNACKS  06/04/93 | | |
| RAINBOW PALACE RSTR FT LAUDERDALE   FL | 501156 | 102.25 |
| 0000-0605 FOOD/BEV        06/04/93 | | |
| BANYAN STREET FOOD  WEST PALM BEACH  FL | 501158 | 17.05 |
| 917960950 FOOD/BEVERAGE    06/04/93 | | |
| L'ANJOU FRENCH      LAKE WORTH      FL | 501158 | 48.08 |
| 106010008 FOOD          06/06/93 | | |
| PANAMA HATTIES     N PALM BEACH     FL | 501162 | 60.72 |
| 365010021 FOOD/BEVERAGE    06/10/00 | | |
| CROWN LIQUORS #99   BOYNTON BEACH   FL | 501173 | 56.12 |
| 172010015 LIQUOR/BEVERAGE/SNACKS  06/21/93 | | |
| DOUBLEDAY BKSHP        PALM BEACH   FL | 501176 | 7.37 |
| 016560625 BOOKS/MAGAZINES/ACC  06/24/93 | | |

FCA  N 30041    Fulton County Administrator
SBC                v.
                 James Vincent Sullivan



## SMITH BARNEY
### citigroup
REF: 00000497  00000000

PREFERRED CLIENT FMA STATEMENT
JUNE 28 - JULY 31, 1993

PAGE 5 OF 9

JAMES V SULLIVAN

ACCOUNT NUMBER 859-03791-14   073

### GOLD CARD ACTIVITY - CONTINUED

GOLD CARD NUMBER 3713 507221 92010
THE FOLLOWING WERE CHARGED OR CREDITED TO YOUR GOLD CARD.

| DESCRIPTION | | REFERENCE NO. | AMOUNT |
|---|---|---|---|
| SASSY KAT LINGERIE  W PALM BEACH      FL | | 501176 | $ 15.90 |
| 376700184 APPAREL/ACCESSORIES    06/24/93 | | | |
| ELENA 5TH AVE      DELRAY BEACH     FL | | 501185 | 19.05 |
| 184151537 APPAREL/ACCESSORIES    07/05/93 | | | |
| DELTA AIRLINES     PALM BEACH      FL | | 665172 | 899.22 |
| TKT# 0061514468795          06/08 | | | |
| DELTA AIRLINES     PALM BEACH      FL | | 665172 | 899.22 |
| TKT# 0061514468794          06/08 | | | |
| SIAM GARDEN        BOCA RATON       FL | | 501131 | 58.93 |
| 077010008 FOOD/BEVERAGE        05/06/93 | | | |
| SALLY BEAUTY #  1150WEST PALM BEACH  FL | | 501137 | 14.18 |
| 930514515 BEAUTY SUPPLIES      05/14/93 | | | |
| SALLY BEAUTY #  1150WEST PALM BEACH  FL | | 501145 | 14.83 |
| 930524295 BEAUTY SUPPLIES      05/24/93 | | | |
| MICHAELS JEWELERS  WEST PALM BCH     FL | | 501149 | 26.50 |
| 454290203 JEWELRY/GIFTS        05/28/93 | | | |
| DELTA AIRLINES     PALM BEACH      FL | | 665147 | 342.00 |
| TKT# 0061417516610          05/13 | | | |
| TOTAL CHARGES | | | $ 4,151.00 |
| PAYMENT FOR GOLD CARD CHARGES 06/29/93 | | | $ 456.44 |
| PAYMENT FOR GOLD CARD CHARGES 07/30/93 | | | $ 3,674.56 |

### CHECKS WRITTEN

ACCOUNT NUMBER 1200522433  -  BOSTON SAFE DEPOSIT & TRUST COMPANY

| CHECK NO. | DATE CLEARED | DATE WRITTEN | DESCRIPTION | REFERENCE NO.  TRACKING CODE | AMOUNT |
|---|---|---|---|---|---|
| 01080 | 06/30/93 | 06/24/93 | HYPOLUXO STORAGE | 10737100 | $ 500.00 |
| 01081 | 07/01/93 | 06/29/93 | COLE MUFFLER | 10604792 | 381.00 |
| 01082 | 07/01/93 | 06/29/93 | PALM BEACH MEDICAL GROUP | 10604793 | 258.00 |
| 01083 | 07/09/93 | 07/02/93 | DR IAN HASSIN | 10812504 | 585.00 |
| 01084 | 07/08/93 | 07/02/93 | A O P A | 10602203 | 59.00 |
| 01085 | 07/13/93 | 07/09/93 | AMERICAN LAB ASSOC | 10851256 | 180.00 |
| 01086 | 07/12/93 | 07/09/93 | SOUTHERN BELL | 10814602 | 28.99 |

---

## SMITH BARNEY
### citigroup
REF: 00000497  00000000

PREFERRED CLIENT FMA STATEMENT
JUNE 28 - JULY 31, 1993

PAGE 6 OF 9

JAMES V SULLIVAN

ACCOUNT NUMBER 859-03791-14   073

### CHECKS WRITTEN - CONTINUED

ACCOUNT NUMBER 1200522433  -  BOSTON SAFE DEPOSIT & TRUST COMPANY

| CHECK NO. | DATE CLEARED | DATE WRITTEN | DESCRIPTION | REFERENCE NO.  TRACKING CODE | AMOUNT |
|---|---|---|---|---|---|
| 01087 | 07/19/93 | 07/12/93 | PALM BEACH POST | 10619956 | $ 68.90 |
| 01088 | 07/21/93 | 07/12/93 | SALVATORE ANICIZIA | 10811286 | 900.00 |
| 01089 | 07/16/93 | 07/12/93 | P B PEREZ MOVING | 10614122 | 1,118.00 |
| 01090 | 07/14/93 | 07/12/93 | P B CULINARY INSTITUTE | 10909557 | 95.00 |
| 01091 | 07/15/93 | 07/13/93 | TEKNO T.V | 10711814 | 42.40 |
| 01092 | 07/22/93 | 07/14/93 | PILOTO CIGARS | 10804681 | 79.25 |
| 01093 | 07/22/93 | 07/19/93 | EUROPEAN AUTO | 10804272 | 67.51 |
| 01094 | 07/26/93 | 07/22/93 | FPL | 10729568 | 36.01 |
| 01095 | 07/29/93 | 07/24/93 | BOYNTON BEACH WATER | 10704351 | 28.91 |
| 01096 | 07/29/93 | 07/26/93 | HAMPION REALTY | 10705150 | 90.00 |
| TOTAL CHECKS WRITTEN | | | | | $ 4,095.77 |

### EARNINGS DETAILS

THE TAX STATUS OF EARNINGS IS RELIABLE TO THE BEST OF OUR KNOWLEDGE. TAXABLE AND NON-TAXABLE DESIGNATIONS REFER TO THE FEDERAL INCOME TAX STATUS OF YOUR SECURITIES, NOT OF YOUR ACCOUNT.

### DIVIDENDS

| DATE | DESCRIPTION | COMMENT | TAXABLE | NON-TAXABLE | AMOUNT |
|---|---|---|---|---|---|
| 06/30/93 | BLACKROCK FLA INSD MUNI TERM TR 2008 PFD SER R7 1 UNIT = 50,000.00 | REV DIV ON     12.0000 SHS RECORD 06/23/93 PAY 06/24/93 | | $ -276.12 | $ -276.12 |
| 06/30/93 | BLACKROCK FLA INSD MUNI TERM TR 2008 PFD SER R7 1 UNIT = 50,000.00 | CASH DIV ON     12.0000 SHS RECORD 06/24/93 PAY 06/25/93 | | 276.12 | 276.12 |
| 07/02/93 | BLACKROCK FLA INSD MUNI TERM TR 2008 PFD SER R7 1 UNIT = 50,000.00 | CASH DIV ON     12.0000 SHS RECORD 07/01/93 PAY 07/02/93 | | 287.64 | 287.64 |
| 07/09/93 | BLACKROCK FLA INSD MUNI TERM TR 2008 PFD SER R7 1 UNIT = 50,000.00 | CASH DIV ON     12.0000 SHS RECORD 07/08/93 PAY 07/09/93 | | 258.96 | 258.96 |

FCA
SBC
N 30042

Fulton County Administrator
v.
James Vincent Sullivan

## SMITH BARNEY
### citigroup.

| | | |
|---|---|---|
| REF: 00000497  00000000 | PREFERRED CLIENT FMA STATEMENT<br>JUNE 28 - JULY 31, 1993 | PAGE 7 OF 9<br>JAMES V SULLIVAN |

ACCOUNT NUMBER 859-03791-14   073

### DIVIDENDS - CONTINUED

| DATE | DESCRIPTION | COMMENT | TAXABLE | NON-TAXABLE | AMOUNT |
|---|---|---|---|---|---|
| 07/16/93 | BLACKROCK FLA INSD MUNI TERM<br>TR 2008 PFD SER R7<br>1 UNIT = 50,000.00 | CASH DIV ON   12.0000 SHS<br>RECORD 07/15/93 PAY 07/16/93 | | $ 246.24 | $ 246.24 |
| 07/23/93 | BLACKROCK FLA INSD MUNI TERM<br>TR 2008 PFD SER R7<br>1 UNIT = 50,000.00 | CASH DIV ON   12.0000 SHS<br>RECORD 07/22/93 PAY 07/23/93 | | 253.20 | 253.20 |
| TOTAL DIVIDENDS EARNED | | | $ 0.00 | $ 1,046.04 | $ 1,046.04 |

### MONEY FUNDS EARNINGS

| DATE | DESCRIPTION | COMMENT | TAXABLE | NON-TAXABLE | AMOUNT |
|---|---|---|---|---|---|
| 07/09/93 | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | REINVESTED<br>FOR PERIOD 06/14/93-07/11/95<br>28 DAYS AVERAGE YIELD  2.67 %. | $ 356.62 | | $ 356.62 |
| TOTAL EARNINGS FROM MONEY FUNDS | | | $ 356.62 | $ 0.00 | $ 356.62 |

### OTHER INCOME

| DATE | DESCRIPTION | COMMENT | | | AMOUNT |
|---|---|---|---|---|---|
| 07/27/93 | ADJUST MARGIN DEBT BALANCE | | | | $ 190.00 |
| TOTAL OTHER INCOME | | | | | $ 190.00 |

### MONEY FUNDS DETAILS

ALL TRANSACTIONS ARE TRADED AT 1.00 PER SHARE.

### MONEY FUNDS ACTIVITY

| DATE | ACTIVITY | DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|---|---|
| | OPENING MONEY FUNDS BALANCE | | | $ 174,109.39 |
| 06/29/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 456.44 | -456.44 |
| 06/30/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 500.00 | -500.00 |
| 07/01/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 639.00 | -639.00 |
| 07/06/93 | AUTOINVEST | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 287.64 | 287.64 |
| 07/08/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 39.00 | -39.00 |
| 07/09/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 124.04 | -124.04 |

## SMITH BARNEY
### citigroup.

| | | |
|---|---|---|
| REF: 00000497  00000000 | PREFERRED CLIENT FMA STATEMENT<br>JUNE 28 - JULY 31, 1993 | PAGE 8 OF 9<br>JAMES V SULLIVAN |

ACCOUNT NUMBER 859-03791-14   073

### MONEY FUNDS ACTIVITY - CONTINUED

| DATE | ACTIVITY | DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|---|---|
| 07/12/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 28.99 | $ -28.99 |
| 07/15/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 180.00 | -180.00 |
| 07/14/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 95.00 | -95.00 |
| 07/15/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 42.40 | -42.40 |
| 07/16/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 871.76 | -871.76 |
| 07/19/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 68.90 | -68.90 |
| 07/21/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 900.00 | -900.00 |
| 07/22/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 146.56 | -146.56 |
| 07/23/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 149,771.80 | -149,771.80 |
| 07/27/93 | AUTOINVEST | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 749,963.99 | 749,963.99 |
| 07/27/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 749,810.00 | -749,810.00 |
| 07/29/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 118.91 | -118.91 |
| 07/30/93 | REDEMPTION | AMERICAN EXPRESS  DAILY<br>DIVIDEND FUND | 3,674.56 | -3,674.56 |
| | | MONEY FUNDS EARNINGS REINVESTED<br>(SEE DETAILS UNDER EARNINGS DETAILS) | 356.62 | 356.62 |
| | | CLOSING MONEY FUNDS BALANCE | | $ 17,450.28 |

FCA
SBC
N 30043

Fulton County Administrator
v.
James Vincent Sullivan



SMITH BARNEY
citigroup**J**
REF: 00000497  00000000

**PREFERRED CLIENT FMA STATEMENT**
JUNE 28 - JULY 31, 1993

PAGE 9 OF 9

JAMES V SULLIVAN

ACCOUNT NUMBER 859-03791-14  073

## GAIN/LOSS DETAILS

PLEASE NOTE, THIS MATERIAL IS BEING PREPARED FOR INFORMATIONAL PURPOSES ONLY AND SHOULD NOT BE USED FOR TAX PREPARATION WITHOUT THE ASSISTANCE OF YOUR TAX ADVISOR.

### REALIZED GAIN OR LOSS

| DESCRIPTION | ORIGINAL TRADE DATE | CLOSING TRADE DATE | QUANTITY | PURCHASE PRICE | SALE PRICE | COST BASIS | PROCEEDS | REALIZED GAIN OR (LOSS) |
|---|---|---|---|---|---|---|---|---|
| BLACKROCK FLA INSD MUNI TERM TR 2008 PFD SER R7 1 UNIT = 50,000.00 AS OF 07/21/95 | 11/12/92 | 07/21/95 SOLD | 12 | $ 100.00 | $ 100.00 | $ 600,000.00 | $ 600,000.00 | $ 0.00 |
| TOTAL REALIZED GAIN OR (LOSS) | | | | | | $ 600,000.00 | $ 600,000.00 | $ 0.00 |

### UNREALIZED GAIN OR LOSS

| DESCRIPTION | ORIGINAL TRADE DATE | QUANTITY | PURCHASE PRICE | MARKET PRICE | COST BASIS | MARKET VALUE | UNREALIZED GAIN OR (LOSS) |
|---|---|---|---|---|---|---|---|
| SEAL FLEET INC CL A | 01/02/86 | 12,400 | $ .31 | $ .09 | $ 3,869.00 | $ 1,116.00 | ($ 2,753.00) |
| TOTAL VALUE | | | | | $ 3,869.00 | $ 1,116.00 | ($ 2,753.00) |

*BASED ON INFORMATION SUPPLIED BY CLIENT, NOT VERIFIED BY SHEARSON LEHMAN BROTHERS.

SMITH BARNEY
citigroup**J**

FCA
SBC N 30044    Fulton County Administrator
v.
James Vincent Sullivan